* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good ground to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with certain modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Plaintiff sustained a compensable injury by accident on July 5, 2005.
2. On such date, the parties hereto were subject to and bound by the provisions of the North Carolina Worker's Compensation Act. *Page 2 
3. On such date, the Employer-Employee relationship existed between Plaintiff-Employee and Defendant-Employer.
4. On such date, Defendant-Employer employed three (3) or more employees.
5. As of such date, the carrier of workers' compensation insurance in North Carolina for Defendant-Employer was AIG Claim Services, Inc.
6. Plaintiff's average weekly wage is $697.38.
7. The following compensation has been paid by Defendants to Plaintiff: Plaintiff has been paid 134 weeks of compensation at the rate of $464.64, totaling $93,448.92 [sic], as well as all medical bills. Indemnity compensation is ongoing and will continue to accumulate past the date of the pre-trial agreement.
8. The parties participated in a mediated settlement conference on August 29, 2007. Defendants have paid the entire mediation fee in the amount of $758.75. Pursuant to Rule 7(c) of the Rules For Mediated Settlement And Neutral Evaluation Conferences Of The North Carolina Industrial Commission, Defendants are entitled to a credit in the amount of $379.37 for payment of Plaintiff's share of the mediation costs, and Defendants may withhold funds from any award for this purpose.
 * * * * * * * * * * * EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: I.C. Forms and Plaintiff's Medical Records
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. Plaintiff is a fifty-year-old man with a ninth grade education who has been a truck driver for the past 16 years. Plaintiff has also been a supervisor for a paving and grading company and a heavy machine operator. Prior to July 5, 2005, Plaintiff's job required lifting of 80 to 120 pounds, and sitting of 5 to 6 hours at a time, for 11 hours total per day.
2. Plaintiff injured his back in the course and scope of his employment with Defendant-Employer on July 5, 2005, when he was rear-ended at a high rate of speed by another truck on the New Jersey Turnpike. Defendants accepted the compensability of Plaintiff's injury on a Form 60 dated June 21, 2006.
3. Plaintiff initially received medical treatment from Maria Parham Hospital in Henderson, North Carolina. Subsequently, Defendants referred Plaintiff to Dr. Daniel J. Albright at Raleigh Orthopaedic Clinic. On October 3, 2005, Dr. Albright diagnosed Plaintiff as having lumbar degenerative disk disease worsened by his accident, as well as cervical and lumbar whiplash/strain.
4. Dr. Albright prescribed treatment, including therapy and epidural steroid injections. On April 4, 2006, Dr. Albright recommended an MRI scan of Plaintiff's lumbar spine, which was performed on April 12, 2006, and showed a right foraminal disc herniation at L5-S1, resulting in marked neural foraminal narrowing on the right.
5. Because Dr. Albright could not follow up with Plaintiff for 4 to 6 weeks after the MRI was performed, Defendants' nurse case manager recommended that Plaintiff be examined by Dr. Gurvinder Deol in Louisburg, North Carolina. *Page 4 
6. Dr. Deol initially examined Plaintiff on April 19, 2006, and recommended decompressive surgery. However, Defendants did not approve the surgery for several months. Once Defendants approved the surgery, Dr. Deol had moved to Chicago.
7. After several more months, Defendants referred Plaintiff to Dr. Robert Lacin, a neurosurgeon in Raleigh, North Carolina. Dr. Lacin initially examined Plaintiff on September 26, 2006, and recommended that Plaintiff proceed with a right L5-S1 and L4-5 decompression surgery with foraminotomy. Dr. Lacin stated that the surgery could improve Plaintiff's leg pain, but that his back pain might not get better. Dr. Lacin performed the surgery on October 12, 2006.
8. Plaintiff had a cerebrospinal fluid leak as a result of his October 12, 2006 surgery, which was repaired in another surgery by Dr. Lacin on October 19, 2006.
9. On October 31, 2006, Dr. Lacin stated that Plaintiff could return to work without restrictions. Plaintiff began looking for a job, since Defendant-Employer had no job to which Plaintiff could return.
10. On December 19, 2006, Plaintiff returned to Dr. Lacin and stated that he had attempted to return to work for a paving company. Plaintiff worked for the paving company for two to three days and had a recurrence of the same pain in the same location as he had experienced after his July 5, 2005 accident. The medical evidence of record, including the testimony of Dr. Lacin, fails to establish that Plaintiff suffered a new injury while working for the paving company.
11. At the December 19, 2006 office visit, Dr. Lacin recommended permanent restrictions for Plaintiff of medium duty and no lifting over 20 pounds. Dr. Lacin testified that *Page 5 
"when I released him to go back to work without restrictions, I didn't mean for someone to give him a snow shovel and make him lift asphalt."
12. Dr. Lacin last saw Plaintiff on May 7, 2007. At that time, Plaintiff had again aggravated his work injury and symptoms by attempting to lift a car battery. Dr. Lacin confirmed the permanent restrictions of no lifting more than 20 pounds, and also assigned a permanent partial impairment rating of five-percent (5%) to the back.
13. On October 4, 2007, Plaintiff saw Dr. Dina Eisinger, a board-certified specialist in pain management and physical medicine and rehabilitation at Triangle Orthopaedics in Durham, North Carolina, for a second opinion and possible transfer of care. Dr. Eisinger opined that Plaintiff had failed back surgery syndrome with refractory diskogenic back pain and probably chronic lumbar radiculopathy and a lot of secondary spasm.
14. Dr. Eisinger recommended that Plaintiff avoid heavy lifting, repeated bending, stooping, twisting, and maintaining the same position for prolonged periods of time. Dr. Eisinger opined that Plaintiff is permanently and totally disabled from truck driving and may or may not be totally disabled from all work. She explained that chronic pain affects one's ability to be a reliable employee and to concentrate appropriately on the job and perform it safely despite being in pain and occasionally having issues with medication and physical restrictions.
15. Dr. Eisinger was also of the opinion that there was additional medical treatment that could provide Plaintiff relief from the symptoms related to the accident, including medications, possible epidural injections, and other treatment. Dr. Eisinger is willing to assume Plaintiff's medical care from a pain management standpoint.
16. Dwanda D. Scott, a certified rehabilitation counselor, was retained by Defendants to perform a labor market survey. Focusing on the transportation industry due to Plaintiff's past *Page 6 
experience, Ms. Scott identified seven local employers with potentially suitable positions for Plaintiff, only two to three of which were hiring. The jobs identified included Dispatcher, Parking Lot Manager, and Parking Lot Attendant. Six of the seven jobs identified were for part-time work of 20 to 30 hours per week. The only full time job identified, a dispatcher position, would require that Plaintiff receive computer training. Every job identified required or preferred a high school diploma.
17. Plaintiff testified that he continued to seek employment after his failed attempt to return to work in the paving business, but was repeatedly turned away due to his lifting restrictions. Plaintiff testified that he eventually contacted the Social Security Administration about applying for disability benefits. The Full Commission finds that Plaintiff has made a reasonable effort on his own to find suitable employment, but has thus far been unsuccessful.
18. Based upon the greater weight of the evidence, the Full Commission finds that Plaintiff continues to be temporarily totally disabled. Not only is Dr. Eisinger uncertain that Plaintiff can return to any employment, but Plaintiff has failed to obtain employment despite reasonable efforts to do so. Given Plaintiff's limited education, his experience in primarily physically strenuous jobs, and his chronic pain, the Full Commission finds that it would be futile for Plaintiff to continue his search for employment until he receives further pain management evaluation and treatment.
19. Defendants' labor market survey was insufficient to establish that Plaintiff is not temporarily and totally disabled.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following: *Page 7 
 CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident to his back on July 5, 2005. N.C. Gen. Stat. § 97-2(6).
2. The greater weight of the evidence of record establishes that Plaintiff's current back condition was caused by his accident at work on July 5, 2005. Therefore, Defendants continue to be responsible for payment of compensation for this injury. Click v. Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
3. As a result of his compensable injury, Plaintiff is temporarily and totally disabled and is entitled to ongoing temporary total disability compensation. Defendants' Form 24 Application was properly denied.Russell v. Lowes Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993); N.C. Gen. Stat. §§ 97-18.1, 97-29.
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his back condition as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. The Commission may at any time upon the request of an employee order a change of treatment and designate other treatment suggested by the injured employee. N.C. Gen. Stat. §§ 97-2(19); 97-25.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, Defendants shall pay Plaintiff weekly temporary total disability benefits of $464.64 until further Order of the Commission.
2. Dr. Eisinger is hereby APPROVED as Plaintiff's treating physician. *Page 8 
3. Defendants shall pay for all medical expenses incurred or to be incurred as a result of Plaintiff's back as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from the sums due Plaintiff subsequent to the date of this Opinion and Award and paid directly to Plaintiff's counsel by deducting every fourth compensation check due Plaintiff.
5. Defendants shall pay the costs.
This the ___ day of March 2009.
S/_______________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/_______________________ BERNADINE S. BALANCE COMMISSIONER
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1